UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ESTHER TREADWAY, | ) |
| Plaintiff, | ) Civil Action No. 5: 11-345-DCR |
| V. | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Esther Treadway (hereafter, "Treadway" or the "Claimant") was terminated from her employment after the business closed on January 31, 2009. Thereafter, she filed for and receive unemployment benefits. In connection with the receipt of those benefits, Treadway represented that she was ready, willing and able to work. Notwithstanding these representations, Treadway filed an application for disability benefits on May 18, 2010, claiming that she was disabled and unable to work as of January 31, 2009. After losing her claim for disability at the administrative level, Treadway filed the present litigation. The matter is currently pending for consideration of cross-motions for summary judgment. [Record Nos. 9, 11]

Because substantial evidence supports the administrative decision that Treadway was not disabled under Title II of the Social Security Act, and because Treadway's arguments to the contrary are without merit, the Court will grant the Commissioner's motion for summary judgment. The relief sought by Plaintiff Treadway will be denied.

**I.**

On May 18, 2010, Treadway applied for a period of disability and disability insurance benefits under Title II of the Social Security Act. She alleged a disability beginning January 31, 2009, based upon low back pain secondary to back strain, gastroesophageal reflux disease, hypertension, and high cholesterol. [Tr. 46,] Her application was denied initially and upon reconsideration. [Tr., pp. 39-40] Treadway, along with her attorney Roger Riggs, and vocational expert ("VE") Linda Taber, appeared before Administrative Law Judge ("ALJ") Ronald M. Kayser April 8, 2011, for an administrative hearing. [Tr., pp. 5-30] In a decision dated May 9, 2011, ALJ Kayser found that Treadway was not disabled under sections 216(i) and 223(d) of the Social Security Act and thus was not entitled to a period of disability or disability insurance benefits. [Tr., p. 44-49]

Treadway was fifty-eight years old at the time of the ALJ's decision. [Tr., p. 112] She has an eighth-grade education and work experience as a sewing machine operator.[1] [Tr., p. 133-134] Her alleged disability results from back pain, breathing problems, gastroesophageal reflux disease ("GERD"), high blood pressure, hand and foot pain, and high cholesterol.[2] [Tr., p. 14-19, 24-25] Regarding her prior work experience, Treadway testified that her employer closed

---

[1] VE Taber classified this employment as light and semi-skilled, entry level work. [Tr., pp. 29-30]

[2] Treadway has not presented any objective medical evidence that her hand or foot pain is disabling. Likewise, the evidence in the record indicates that her GERD, high blood pressure, and high cholesterol are controlled with medication. And while Treadway referred to breathing and other problems during the administrative hearing, there is no indication that these ailments are disabling, either alone or in combination with any other alleged impairment. [*See* Tr., pp. 166, 210, 212, 218-19, 232, 235, 263, 465-68, and 472.]

the sewing factory on January 31, 2009, and that she began receiving unemployment benefits after that date. [Tr., p. 4-5] In fact, she was still receiving those benefits at the time of the April 8, 2011, administrative hearing. In connection with the receipt of those benefits, Treadway represented that she remained "ready, willing, and able to go to work." [Tr., p. 5] And although Treadway continued looking for work following her termination in January 2009, she was unable to find other employment.[3]

After reviewing the record and the testimony presented at the hearing, the ALJ found that Treadway did not suffer from any impairment – or combination of impairments – that significantly limited her ability to perform basic work-related activities for 12 consecutive months. Thus, he concluded that the Claimant did not have a severe impairment or combination of impairments which would justify an award of disability benefits. As a result of the ALJ's assessment, Treadway was denied a period of disability and disability insurance benefits. [Tr., pp. 46-47]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*,

---

[3]Treadway testified that she would likely have lost her job as a sewing machine operator even if the plant had not closed due to excessive absenteeism associated with her alleged impairments. [Tr., p. 28] There is no evidence in the record to support this assertion.

459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity and relevant past work to determine whether she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work.[4] If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy

---

[4] As discussed more fully below, this case did not reach the fifth step of the sequential analysis because the ALJ determined that Treadway did not have an impairment or combination of impairments that prevented her from performing her past work.

that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Treadway asserts that the final decision of the Commissioner should be reversed because: (1) ALJ Kayser did not give appropriate weight to the opinions of the Claimant's treating physicians; (2) ALJ Kayser did not adequately explain his reasons for refusing to accept the

opinions of the Claimant's treating physicians; (3) ALJ Kayser failed to consider the combined effects of the Claimant's impairments; (4) ALJ Kayser failed to consider the durational requirement of substantial gainful activity and not merely Treadway's ability to find a job and physically perform it; and (5) a reasonable person could not conclude that the Claimant is not disabled in light of the substantial limitations assigned by her treating physician, supported by overwhelming evidence of a lifetime of difficulties as well as the evaluation of a consultative psychologist.[5] Treadway relies heavily upon two documents in support of her arguments. The first document (captioned "Physical Residual Functional Capacity Questionnaire") was prepared by a nurse practioner, Mary Caric, and is dated April 5, 2011. [Tr., pp. 31-35] The second document (captioned "Physical Capacities Evaluation") is signed by Bill Grimes and is dated April 7, 2011 – the day before the administrative hearing.[6]

In support of his motion for summary judgment, the Commissioner initially summarizes the evidence supporting the ALJ's decision. Additionally, he points out that neither the April 5, 2001, nor the April 7, 2001, document relied upon by the Claimant was prepared by her treating physician. Instead, the first was prepared by a nurse practioner and the second by a physician's assistant. And while both are based upon the subjective complaints relayed by

---

[5]The record and the parties' briefs are devoid of any other reference to a consulting psychologist.

[6]At page 3 of the memorandum filed in support of the Claimant's motion for summary judgment, Treadway's attorney asserts that, "[Treadway] treats with Mary Carie, ARNP, and Bill Grimes, both of the New Hope Clinics. Each offered opinions about her physical limitations. Copies of their latest opinions are attached hereto and made a part hereof marked as Exhibits 1 and 2. Without addressing whether the purported exhibits may be considered, the Court notes that there are no exhibits attached to the Claimant's motion for summary judgment and supporting memorandum. [Record No. 9]

Treadway, neither are supported by objective medical evidence. Thus, the Commissioner contends that the ALJ did not err in failing to give proper deference to the information outlined in either document.

### A.     The Treating Physician Rule

A treating source's medical opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's record. 20 C.F.R. §§ 404.1527(d)(2). However, an "ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.'" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 509 (6th Cir. 2006) (per curiam) (quoting *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001)); *see also White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) ("Conclusory statements from physicians are properly discounted by ALJs."). The regulations also provide that a physician's opinion regarding whether a claimant is disabled or unable to work will be given no "special significance." 20 C.F.R. §§ 404.1527(e)(3). Further, the ALJ must explain his reasons for the weight he gives a treating-source opinion. 20 C.F.R. §§ 404.1527(d)(2); *see also* SSR 96-2p, 1996 SSR LEXIS 9, at *11-12 (July 2, 1996).

As the Commissioner correctly points out in his supporting memorandum, neither a physician's assistant nor a registered practical nurse are medical doctors. Under the applicable regulations, neither is an acceptable medical source for purposes of providing medical opinions.

20 C.F.R. § 404.1513(a). Instead, they are considered "other sources" and their opinions are not entitled to controlling weight. As such, the ALJ should consider:

- How long the source has known and how frequently the source has seen the individual;

- How consistent to opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion;

- How well the source explains the opinion;

- Whether the source has a speciality or area of expertise related to the individual's impairment(s), and

- Any other factors that tend to support or refute the opinion.

SSR 06-03p, 2006 SSR LEXIS 5, at *11 (Aug. 9, 2006).

The record reflects that the ALJ properly assessed the opinions of Coric and Grimes and provided proper explanation for discounting their opinions. As the ALJ noted at page 6 of his decision, both assessments are inconsistent with the objective medical evidence of record. In addressing the objective evidence, ALJ Kayser made the following findings:

> Although the claimant complains of back pain, the medical evidence from Means Adult Primary Care Clinic shows that on December 9, 2009, she had full range of motion in the joints, no pain on palpitation, and negative straight leg raising. A MRI of the lumbar spine dated February 28, 2006 showed normal results. (Exhibits 3F, 9F, and 10F) The claimant also has gastroesophageal reflux disease. However, it appears that he symptoms are stable with medication. She has been prescribed Nexium. (Exhibit 10F) In addition, the claimant has been diagnosed with high blood pressure and high cholesterol, which are under good control with medication. No functional limitations have been established with these conditions. The claimant fails to establish that these impairment[s] [are] severe within the meaning of 20 CFR 404.1521 and 416.921.

[Tr., p. 46] Further, Caric completed the April 5, 2011, form while Treadway was present, based on her subjective complaints. Additionally, and as the ALJ correctly noted, there is no evidence

that Grimes ever examined the Claimant in connection with his preparation of the document in issue. Under the facts presented, the ALJ properly concluded that little weight should be given to the opinions outlined in the April 2011 reports. Thus, the Court rejects the Claimant's arguments that the ALJ failed to give appropriate weight to the opinions of Caric or Grimes, as outlined in the documents dated April 5, 2011, and April 7, 2011.

Likewise, the ALJ provided an adequate explanation for giving little weight to the opinions contained in these documents. As reflected in the ALJ's decision, there is nothing to support the Claimant's allegation of severe, disabling pain. Although treated by her family doctor, Treadway was never referred to a specialist for any of her alleged severe impairments. And while she testified that back pain was her main problem, Treadway did not take any medication for pain. Instead, she treated with an over-the-counter medication (*i.e.*, Icy Hot) and a heating pad. Additionally, she did not seek or receive physical or other types of therapy. In addition to performing daily activities which would be inconsistent with an alleged inability to work, the Claimant testified that she stopped working due to the factory closing on January 31, 2009. And after that date, she continued to seek full-time employment while representing to the Commonwealth of Kentucky that she was "ready, willing and able to work." [Tr., p. 48]

In short, substantial evidence supported the decision of the ALJ that Treadway's impairments, either individually or in combination, did not significantly limit her ability to perform basic work-related activities. A non-severe impairment is one that "does not

significantly limit [the claimant's] physical or mental ability to do basic work activities." *See* 20 C.F.R. § 404.1521(a).[7]

### B. Ability to Hold a Job for a Significant Period of Time

Treadway cites *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), in support of her cut-and-paste argument that "substantial gainful activity means more than merely the ability to find a job and physically perform same. It also requires the ability to hold the job for a significant period of time." [Record No. 9-1, p. 4] She asserts that the ALJ erred in failing to consider this case. However, this Court has considered *Gatliff* on a number of occasions and repeatedly rejected any suggestion of a separate durational requirement. *See Brewer v. Astrue*, No. 11-105-DCR, 2011 U.S. Dist. LEXIS 134763 (E.D. Ky., Nov. 15, 2011); *Wilson v. Astrue*, No. 10-89-DCR, 2010 U.S. Dist. LEXIS 109750 (E.D. Ky., Oct. 13, 2010); *Durham v. Astrue*, No. 09-202-DCR, 2010 U.S. Dist. LEXIS 15382, at *16-*17 (E.D. Ky., Feb. 22, 2010); *Johnson v. Astrue*, No. 08-298-JBC, 2009 U.S. Dist. LEXIS 71516, at *7-*8 (E.D. Ky. Aug. 10, 2009); *Wilder v. Astrue*, No. 08-108-KSF, 2009 U.S. Dist. LEXIS 20170, at *18 (E.D. Ky. Mar. 12,

---

[7]With respect to Treadway's assertion that ALJ Kayser failed to consider the combined effect of her severe and non-severe impairments, the Court notes that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)). Here, the ALJ made a specific finding that Treadway "does not have an impairment *or combination of impairments* that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months . . ." [Tr., p. 46] Moreover, his decision contains several references to Treadway's "impairments" (plural), as well as specific discussion of each impairment. [*See* Tr., pp. 48-49] Nothing in the ALJ's decision suggests that he failed to consider Treadway's impairments in combination.

2009); *Garland v. Astrue*, No. 07-181-DLB, 2008 U.S. Dist. LEXIS 45270, at *16 (E.D. Ky. June 10, 2008).  It rejects the argument again in this case.

**IV.**

Although Treadway suffers from some medical impairments, she has not established that her symptoms are severe enough to warrant an award of disability insurance benefits.  Further, the ALJ did not err in evaluating the evidence presented in this case.  Viewing the record as a whole, substantial evidence supports ALJ Kayser's determination that Treadway is not disabled.  Accordingly, it is hereby

**ORDERED** as follows:

(1)   Plaintiff Esther Treadway's Motion for Summary Judgment [Record No. 9] is **DENIED**.

(2)   Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 11] is **GRANTED**.

(3)   The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 30th day of August, 2012.

